UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW D. WETZEL                                    CIVIL ACTION

VERSUS                                              NO. 13-5913

JAMES LEBLANC                                       SECTION "N"(1)

<u>REPORT AND RECOMMENDATION</u>

   This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

   Petitioner, Andrew D. Wetzel, is a state prisoner incarcerated at the David Wade Correctional Center, Homer, Louisiana.  He was convicted of simple arson in 2010 and subsequently sentenced to serve a term of thirty-five years imprisonment as a multiple offender.  It is that state criminal judgment which he seeks to challenge in the instant petition.  However, he previously

sought federal *habeas corpus* relief with respect to that same judgment, and his petition was denied with prejudice on the merits.  Wetzel v. Tanner, Civ. Action No. 11-2170, 2012 WL 112625 (E.D. La. Jan. 6, 2012).

In light of the foregoing, his options for again seeking *habeas* relief are now extremely limited.  For example, a federal district court has no jurisdiction to consider a "second or successive" *habeas* petition unless the petitioner first obtains authorization for its filing.  Burton v. Stewart, 549 U.S. 147, 152 (2007).  As the United States Supreme Court explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).  § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Burton, 549 U.S. at 152-53.

Petitioner in fact sought such authorization by filing with the United States Fifth Circuit Court of Appeals a motion for leave to file a second or successive petition raising the same claims he now asserts in the instant petition, as well as additional claims.  However, on July 12, 2013, the Court of Appeals *denied* authorization.  In re Andrew D. Wetzel, No. 13-30361 (5th Cir. July 12, 2013).

Moreover, while that motion for authorization was pending, petitioner forged ahead and simply filed a second or successive *habeas corpus* petition in this Court without the required

authorization.  In that petition, he also asserted the same grounds for relief that he asserts in the instant petition.  This Court construed that petition in part as a motion for authorization and transferred it to the United States Fifth Circuit Court of Appeals.  Wetzel v. LeBlanc, Civ. Action No. 13-4741 "N"(1).  On September 12, 2013, the Court of Appeals again *denied* authorization.  *In re* Andrew David Wetzel, No. 13-30654 (5th Cir. Sept. 12, 2013).

Despite the fact that the Court of Appeals has expressly denied petitioner authorization to file the instant petition, he filed it anyway. Because this Court lacks jurisdiction to consider petitioner's claims for the reasons already noted, the question is where to go from here. Two options are available:  transfer this matter to the United States Fifth Circuit Court of Appeals for the required authorization or dismiss it for lack of jurisdiction.

As a routine practice, this District normally elects to pursue the former course.  In *In re* Epps, 127 F.3d 364 (5th Cir. 1997), the United States Fifth Circuit Court of Appeals indicated that such transfers were appropriate and established a procedure for handling them.  However, while such transfers are appropriate, they are not mandatory.  See, e.g., Jacquet v. Cooper, Civ. Action No. 6:12-cv-0403, 2012 WL 2049951, at *3 (W.D. La. May 9, 2012), adopted, 2012 WL 2050085 (W.D. La. June 5, 2012); see also Evans v. Cain, Civ. Action No. 12-0614, 2012 WL 6697152, at *11 (E.D. La. Nov. 5, 2012), adopted, 2012 WL 6697144 (E.D. La. Dec. 21, 2012).

Here, the undersigned recommends that the Court deviate from its normal practice. Simply put, it would serve no purpose to construe the petition in part as a motion for authorization and transfer it to the United States Fifth Circuit Court of Appeals, in that the Court of Appeals has expressly denied authorization for its filing on two prior and separate occasions.  Because there is

no reasonable probability that the Court of Appeals would now grant authorization if this matter were transferred, the undersigned recommends that the petition instead be dismissed for lack of subject matter jurisdiction in the interest of judicial economy.[1]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Andrew D. Wetzel be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[1] If this recommendation is adopted, petitioner may, of course, opt to file another motion for authorization directly with the Court of Appeals.  However, he should be mindful of the following language included in that Court's judgment in Case No. 13-30654:

> [B]ecause this is Wetzel's second unsuccessful attempt to obtain authorization to file a successive § 2254 application to challenge his conviction for simple arson, he is hereby **CAUTIONED** that future frivolous or repetitive requests for authorization to file a successive § 2254 application will subject him to sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or in any court subject to this court's jurisdiction.

*In re* Andrew David Wetzel, No. 13-30654, at p. 2 (5th Cir. Sept. 12, 2013).

4

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this second day of October, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

_____

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.